FILED

2016 MAY 16  AM 11:30

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| TIMOTHY CRAIG, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> CLUB EXPLORIA, LLC, a Delaware limited liability company, <br><br> *Defendant*. | Case No: 5:16-cv-338-Oc-30 PRL <br><br><br> **PLAINTIFF CRAIG'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Timothy Craig brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Club Exploria, LLC ("Defendant" or "Exploria") to stop its practice of placing unauthorized calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.  Defendant Exploria is in the business of selling timeshare vacation packages.

2.  To market its timeshare vacation packages, Exploria—on its own, or through agents working on its behalf—places telemarketing calls to consumers across the country.

3.  Unfortunately, many of Defendant's telemarketing calls are placed to telephone numbers listed on the National Do Not Call Registry, and these calls often continue even after Defendant receives specific do-not-call requests. These calls are routinely placed without the call recipients' prior express written consent.

4.     Moreover, Defendant, or those operating on its behalf, placed these unsolicited telephone calls to cellular telephones using automatic telephone dialing equipment having the capacity to store and dial telephone numbers, *en masse*.

5.     The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), was enacted to stop calls of this very nature—unwanted telemarketing calls that were placed using automatic telephone dialing equipment, that were placed without regard to the National Do Not Call Registry, and that were placed continued despite requests to stop.

6.     By making the telemarking calls at issue in this Complaint, or by having such calls made on its behalf, Defendant has violated and continues to violate the TCPA.

7.     Defendant's TCPA violations caused Plaintiff and members of the putative Classes of consumers (defined below) to experience actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the costs for the receipt of such telephone calls.

8.     In response to Defendant's unlawful conduct, Plaintiff brings the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited phone call activities and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

9.     Plaintiff Timothy Craig is a natural person and citizen of the State of Texas.

10.    Defendant Club Exploria, LLC is a limited liability company existing under the laws of the State of Delaware with its principal place of business located at 25 Town Center Boulevard, Suite C, Clermont, Florida 34714. It conducts business throughout this District, the State of Florida, and the United States.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it conducts significant business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

12.    Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is headquartered in this District, conducts significant business within this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

13.    The timeshare industry is notorious for its incessant, high-pressure, never-take-no sales practices, whether performed in person or over the phone.

14.    As a member of the timeshare industry, Defendant Exploria is no stranger to such harassing sales tactics. Exploria, on its own or through its agents, regularly runs telemarketing campaigns where it refuses to take "no" (or "stop") for an answer.

3

15.     Specifically, Defendant or its agents have repeatedly placed telemarketing calls to the same telephone numbers in concerted efforts to sell its timeshare properties and vacation packages.

16.     Many of these telemarketing calls are placed without consent and to telephone numbers listed on the National Do Not Call Registry, and they often continue after Defendant or its agents have been told to stop.

17.     Not surprisingly, legions of consumers have complained:[1]



**Kathy**
8 Jan 2016 | 1 reply

I now have 10 of their multiple numbers blocked. They call multiple times per week for the last year. Asking to be removed from their call lists does not work. They just hang up.
Try calling any numbers back and u get a disconnect or a recording that this number is not in service.
I would like to file a lawsuit against them for harassment .

*Caller: RCI Timeshare*

Reply     !

(Figure 1.)



**Nik** replies to Kathy
8 Feb 2016

I have the same exact issue its been over 2 years and they still call! I can't tell you how many times I've asked to be removed.

Reply     !

(Figure 2.)

---

[1]     The online complaints are scathing and too numerous to quote. This representative sample is from just one website concerning just one of the phone numbers used by Defendant. *See* 407-801-0779, 800notes.com, *available at* http://800notes.com/Phone.aspx/1-407-801-0779 (last accessed Apr. 28, 2016).



(Figure 3.)



(Figure 4.)

18.     Moreover, based on information and belief, Defendant's telemarketing campaigns rely upon equipment that has the capacity to store or produce telephone numbers, and to dial such numbers, *en masse*, without any need for human intervention. Defendant, or others acting on its behalf, use this telemarketing equipment to place telephone calls without the necessary prior express written consent of the call recipients, all in violation of the TCPA.[2]

---

[2]     *See* Figures 5-6, identifying calls that feature characteristics of being made with an automatic telephone dialing system. The complaints identified in Figures 5-6 are only a sampling of those available on the internet, and are available at http://800notes.com/Phone.aspx/1-407-734-1993/2http://800notes.com/Phone .aspx/1-407-734-1993/2 (last accessed Apr. 28, 2016).



(Figure 5.)

(Figure 6.)

19.    Defendant Exploria controls these telemarketing practices and knows that it or

its agents routinely and repeatedly place telemarking calls without obtaining prior express

written consent and to consumers listed on the National Do Not Call Registry. It also knows

that the calls continue despite requests to stop. As such, Defendant Exploria knowingly and

willingly violates the TCPA.

6

## PLAINTIFF TIMOTHY CRAIG'S EXPERIENCE

20.    Plaintiff Craig subscribes to and uses a private cellular telephone number that has been listed on the National Do Not Call Registry since 2005.

21.    Plaintiff listed his phone number on the National Do Not Call Registry for the express purpose of avoiding unwanted and invasive telemarketing calls exactly like those alleged in this Complaint.

22.    Nonetheless, and without Plaintiff's prior invitation or consent, Defendant Exploria (or its agents acting on its behalf) placed, and continue to place, dozens of telemarking calls to Plaintiff's private cellular telephone number.

23.    Specifically, starting at 9:51 a.m. on November 5, 2015, and continuing through the present, Plaintiff has received approximately five unwanted telemarketing calls per week from Defendant or its agents, who call him from the telephone numbers (407) 734-3053, (407) 734-1993, (407) 734-3042, (407) 988-1036, (407) 530-1015, and (407) 801-0779, as well as a number of other telephone numbers. Each of these telemarketing calls attempts to "introduce" Plaintiff to a "new resort" managed by Defendant Exploria, ultimately in an effort to persuade him to purchase one of Defendant's timeshare vacation packages.

24.    Plaintiff has instructed representatives at each of these numbers to stop calling his private cellular telephone number. In spite of his numerous demands that the calls cease, Plaintiff has continued to receive calls from Defendant or its agents as recently as April 23, 2016.

25.     Plaintiff told Defendant or its agents to stop calling his cellular telephone on numerous occasions, yet they continue calling him in knowing and willful violation of the TCPA.

## CLASS ALLEGATIONS

26.     **Class Definitions**: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of himself and two Classes of similarly situated individuals, defined as follows:

> **Do Not Call Class**: All persons in the United States who (1) received more than one telephone call placed by or on behalf of Defendant within a 12-month period; (2) promoting Defendant's products or services; (3) at a telephone number that had been registered with the National Do Not Call Registry for at least 30 days at the time of each call; and (4) where neither Defendant nor its agents had any current record of express written consent to place such calls at the times they were placed.

> **Cell Phone Class**: All persons in the United States who: (1) received a telephone call placed by or on behalf of Defendant; (2) on his or her cellular telephone number; (3) that was placed using automatic dialing equipment; and (4) where Defendant did not have any record of express consent to place such call at the time it was placed.

The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant; Defendant's subsidiaries, successors, and predecessors; any entity in which Defendant has a controlling interest; and the current or former employees, officers, and directors of Defendant or its subsidiaries, successors, predecessors, or any entity in which Defendant has a controlling interest; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27.     **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed telephone calls to thousands of consumers who fall into the definitions of the Classes. Members of the Classes can be easily identified through Defendant's records.

28.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

**Do Not Call Class**:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant or its agents systematically made telephone calls to consumers who did not previously provide Defendant with prior express written consent to receive such calls;

(c)     Whether Defendant or its agents made more than one telephone call within a 12-month period to consumers whose telephone numbers were registered with the National Do Not Call Registry (for at least thirty days at the time of each call); and

(d)     Whether Plaintiff and members of the Do Not Call Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**Cell Phone Class**:

(a)    Whether Defendant or its agents systematically placed telephone calls to consumers' cellular telephones without their prior express consent;

(b)    Whether Defendant's or its agents' telephone calls were placed to consumers' cellular telephones utilizing an automatic telephone dialing system;

(c)    Whether Defendant's conduct violated the TCPA;

(d)    Whether Plaintiff and the members of the Cell Phone Class are entitled to statutory and treble damages based on the willfulness of Defendant's conduct.

29.    **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct toward Plaintiff and the Classes.

30.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and he has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

31.    **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and

making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

32.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Class)**

33.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34.     47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation

11

of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

35.     The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation to...[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." *See* 47 C.F.R. § 64.1200(c).

36.     47 C.F.R. § 64.1200(e) provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.'" The Commission's Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

37.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made. . . .

38.     Defendant or its agents made more than one unsolicited telephone call to Plaintiff and members of the Do Not Call Class within a 12-month period without having prior express written consent to place such calls. Each such call was directed to a telephone

number that had been registered with the National Do Not Call Registry for at least 30 days. Plaintiff and members of the Do Not Call Class never provided any form of consent to receive telephone calls from Defendant or its agents, and Defendant has no record of consent to place telemarketing calls to them.

39.    Defendant violated 47 C.F.R. §§ 64.1200(d) and (e) by causing calls to be initiated for telemarketing purposes to residential and cellular telephone subscribers, such as Plaintiff and the Do Not Call Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls.

40.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the members of the Do Not Call Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the members of the Do Not Call Class suffered actual harm, including aggravation, annoyance, and invasions of their privacy and statutory rights. Under 47 U.S.C. § 227(c), Plaintiff and the Do Not Call Class members are each entitled to, *inter alia*, receive at least $500 in damages for each of Defendant's TCPA violations.

41.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the members of the Do Not Call Class.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Cell Phone Class)**

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     Defendant placed or had placed on its behalf unsolicited and unwanted calls to cellular telephone numbers belonging to Plaintiff and the other members of the Cell Phone Class without their prior express consent.

44.     On information and belief, Defendant had these telephone calls placed with equipment having the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*.

45.     Defendant had such calls placed using equipment that made multiple telephone calls to Plaintiff and the other Cell Phone Class members simultaneously and without human intervention.

46.     By having unsolicited telephone calls placed to Plaintiff's and the Cell Phone Class members' cellular telephones without their prior express consent, and by using equipment with the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

47.     As a result of Defendant's unlawful conduct, Plaintiff and the Cell Phone Class members suffered invasions of privacy and actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under 47 U.S.C.

15

§ 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

48.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other Cell Phone Class members.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Timothy Craig, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Classes as defined above, appointing Plaintiff Timothy Craig as representative of the Classes, and appointing his counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, willfully violate 47 U.S.C. § 227;

C.     An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.     An award of actual and statutory damages;

E.     An order requiring Defendant to identify any third party involved in placing the advertising calls at issue, as well as the terms of any contract or compensation arrangement it has with such third parties;

F.     An award of reasonable attorneys' fees and costs; and

G.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**TIMOTHY CRAIG**, individually and on behalf of all others similarly situated,

Dated: May 13, 2016

By: /s/ David P. Healy
One of Plaintiff's Attorneys

David P. Healy
(Florida Bar No. 940410)
DUDLEY, SELLERS, HEALY & HEATH, PLLC
SunTrust Financial Center
3522 Thomasville Road, Suite 301
Tallahassee, Florida 32309
Tel: 850.222.5400
Fax: 850.222.7339
dhealy@davidhealylaw.com

Stefan Coleman
(Florida Bar No. 30188)
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946
law@stefancoleman.com

Benjamin H. Richman – Trial Counsel*
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
brichman@edelson.com

* *Pro hac vice* application to be filed.

*Attorneys for Plaintiff and the putative Classes*

17